## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) SHAWN CODY MARISCAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.   CIV-21-330-SLP |
| v. | ) | |
| | ) | |
| (1) DEAN CHAPMAN, an individual; and | ) | |
| (2) DANA CHAPMAN, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, Shawn Cody Mariscal (hereinafter "Mariscal" or "Plaintiff"), for his causes of action against Defendants Dean Chapman, an individual (hereinafter "Dean Chapman") and Dana Chapman, an individual (hereinafter "Dana Chapman") (collectively "Defendants" or "Chapmans"), alleges and states as follows:

## I.      PRELIMINARY ALLEGATIONS

1.      The incident that gives rise to this lawsuit (as well as the personal injuries suffered by Plaintiff as hereinafter set forth) occurred on April 22, 2017, on a certain parcel of real property (ranch land) owned, maintained, managed, operated and/or controlled by Defendants, and each of them, located in Ellis County, Oklahoma.

2.      Plaintiff previously commenced an action, and on April 14, 2020, the Parties filed a Joint Stipulation of Dismissal Without Prejudice. [Case No. 5:19-cv-00349-G, Doc. No. 23.] Thus, this re-filed action is timely.

## II.    JURISDICTION AND VENUE

3.       This is an action for personal injuries which were sustained by Plaintiff on a certain parcel of real property owned, maintained, managed, operated and/or controlled by Defendants, and each of them, in Ellis County, Oklahoma. Venue in this Court is therefore proper in that the causes of action herein stated against Defendants and the events on which those causes of action are based arose in a county within the geographical purview of the Western District of Oklahoma.

4.       This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) ("Diversity of Citizenship") in that Plaintiff, on the one hand, is and at all times relevant herein was a citizen of the State of California, domiciled at 702 Verona Avenue, San Jacinto, California 92583. Defendants, and each of them, on the other hand, are and were at all times relevant herein citizens of the State of Oklahoma, domiciled at 312 W. Cedar, Gage, Oklahoma, 73843, and, the amount in controversy substantially exceeds $75,000.00. With regard to establishing that the amount in controversy exceeds $75,000.00, Plaintiff offers that he has suffered substantial and disfiguring burns to his face and torso (as a result of the incident herein alleged and Defendants' negligence in proximately causing the incident and concomitant damages), and that the medical charges alone occasioned by treatment of Plaintiff's burns and injuries presently exceeds $75,000.00.

## III.   THE PARTIES

5.       At all times material hereto, Plaintiff Shawn Cody Mariscal was a citizen and domiciliary of the State of California, residing at 702 Verona Avenue, San Jacinto, California 92583, with the intention at all times to return thereto. At the time and place of

the incident hereinafter more fully described, Plaintiff was at all times an invited guest and/or invitee on the ranch and farm land premises owned, maintained, managed, operated and/or controlled by Dean Chapman and Dana Chapman located in Gage, Oklahoma, having been expressly invited thereon by Dean Chapman on April 22, 2017.

6.     At all times material hereto, Defendants Dean Chapman and Dana Chapman were citizens of the State of Oklahoma, domiciled at 312 W. Cedar, Gage, Oklahoma, 73843, and owned, maintained, managed, operated and/or controlled that certain parcel of real property (ranch and farmland) situated in Ellis County, Oklahoma on which Plaintiff suffered substantial and debilitating burns and other personal injury on April 22, 2017 when Defendant Dean Chapman negligently and recklessly utilized an unapproved canister to carry or utilize gasoline on the said real property, negligently and/or recklessly caused that unapproved canister filled with gasoline to be lit on fire (while attempting to start his 1959 Chevy Truck) and negligently and/or recklessly threw that flaming unapproved canister of gasoline into Plaintiff's face and torso causing him to sustain significant burns to his face/torso and other personal injuries as hereinafter more fully described (hereinafter "the Premises").

## IV.    GENERAL ALLEGATIONS

7.     On or about April 22, 2017, Plaintiff Shawn Cody Mariscal, then 34-years of age and in good bodily health, was lawfully on the Premises as an invitee and/or guest at the invitation and with the express permission and/or consent of Dean Chapman and Dana Chapman. Mariscal was not the employee of Dean Chapman or Dana Chapman for any purpose or at any time.

8.      Plaintiff is informed, believes and thereon alleges that Defendant Dean Chapman, in his capacity as owner of the Premises (and for and on behalf of Dana Chapman as co-owner of the Premises), invited and in fact physically brought Plaintiff onto the Premises for the purpose of facilitating the dumping of some refuse.

9.      After the refuse had been deposited onto the Premises, Defendant Dean Chapman attempted to start a 1959 Chevy Truck (bearing vehicle identification number V6B59K114234) (hereinafter the "1959 Chevy Truck"), which was on information and belief at all times owned by Defendants Dean Chapman and Dana Chapman.

10.      When Defendant Dean Chapman was unable to start the 1959 Chevy Truck, he proceeded to pour gasoline from a gas can retrieved from and/or stored on the Premises into an unapproved canister, in violation of recommended safe practices and/or State and/or local statutes, regulations and/or ordinances.

11.      While Plaintiff was standing in the immediate vicinity of the 1959 Chevy Truck located on Defendants' Premises, Defendant Dean Chapman attempted to start the 1959 Chevy truck (apparently by pouring gasoline from the unapproved canister into which he had negligently, recklessly and illegally previously poured it, onto the Truck's carburetor while he directed another individual (situated behind the wheel of the 1959 Chevy Truck) to turn the key in the 1959 Chevy Truck's ignition. The individual situated at the wheel of the 1959 Chevy Truck, believed to be Defendant Dean Chapman's son, was entrusted with the task of turning the ignition and at all times acted at the direction of Defendant Dean Chapman in the process of attempting to start the 1959 Chevy Truck.

12.     Critically, at no time during Defendant Dean Chapman's efforts to start the 1959 Chevy Truck via the above described method of pouring gasoline from an unapproved canister (and directing the individual believed to be Defendant Dean Chapman's son to turn the ignition) did Defendant Dean Chapman advise Plaintiff, a guest and invitee on the Premises, that Defendant Dean Chapman was going to attempt to start the Truck by pouring gasoline onto the Truck's carburetor (while another individual turned the key in the ignition) or of the reasonably foreseeable risk of harm involved in the process then known to Defendant Dean Chapman and at all times reasonably foreseeable to him.

13.     At no time during Defendant Dean Chapman's efforts to start the 1959 Chevy Truck via the above described method of pouring gasoline from an unapproved canister did Defendant Dean Chapman warn Plaintiff, a guest and invitee on the Premises, of the potential risk of harm of standing in proximity to the 1959 Chevy Truck during this process of the dangerous activity there being undertaken by Defendant Dean Chapman on the Premises, nor did Dean Chapman instruct Plaintiff to remove himself from the immediate area where Defendant had decided to use and had actually used highly flammable and combustible gasoline in an unapproved and unsafe canister.

14.     At no time during Defendant Dean Chapman's efforts to start the 1959 Chevy Truck via the above described method of pouring gasoline from an unapproved and unsafe canister did Defendant Dean Chapman take reasonable steps to guard Plaintiff, a guest and invitee on the Premises, from the reasonably foreseeable consequences (known to or reasonably foreseen by Defendant Dean Chapman) of the dangerous use of gasoline on the Premises and/or from the dangerous condition on the Premises created thereby.

15.     Plaintiff is informed, believes and thereon alleges that Defendant Dean Chapman's failure to warn as aforesaid was willful and/or malicious and in contravention of his and Defendant Dana Chapman's legal obligations as the owners, managers and/or operators of the Premises.

16.     During the aforementioned process and while Defendant Dean Chapman was handling gasoline in the unapproved canister in the vicinity of the 1959 Chevy Truck's carburetor, the gasoline in the unapproved canister caught on fire. Plaintiff is informed, believes and thereon alleges that gasoline in the unapproved and unsafe canister caught on fire as a direct and foreseeable consequence of Defendant Dean Chapman's negligent, careless and/or reckless decision to use and his actual use of highly flammable and combustible gasoline on his Premises via an unapproved and unsafe canister while Plaintiff was in the immediate vicinity and foreseeably in harm's way.

17.     After the unapproved and unsafe canister caught fire, Defendant Dean Chapman, in contravention of his obligation to exercise reasonable care for the safety and well-being of Plaintiff, a guest and invitee on his premises, negligently, carelessly and/or recklessly turned around and threw the flaming gasoline in the unapproved and unsafe canister – as if it were a Molotov cocktail – into the face and upper torso of Plaintiff, causing him to catch on fire and suffer severe burns to his face and upper torso.

18.     As a proximate result of Defendant Dean Chapman's negligent conduct as aforesaid and his throwing an unapproved canister filled with flaming gasoline onto Plaintiff, in contravention of his legal obligations as owner of the Premises, Plaintiff

suffered severe debilitating and disfiguring burns to his face and upper body, in addition to other bodily injuries.

19.     Thereafter, Defendant Dean Chapman, in further contravention of his obligation to exercise reasonable care for the safety and well-being of Plaintiff, a guest and invitee on his premises, negligently, carelessly and/or recklessly failed to timely and reasonably attend to and/or assist Plaintiff in putting out the flames on his person as the gasoline thrown by Defendant Dean Chapman burned Plaintiff's clothing and skin.

20.     Plaintiff was subsequently flown via emergency helicopter from the Premises to a hospital in Oklahoma City, where he was treated for his burns and injuries.

## V.     FIRST CAUSE OF ACTION
### (Negligence – Premises Liability Against ALL Defendants)

21.     Plaintiff refers to, adopts and incorporates herein Paragraphs 1-20 as though fully set forth.

22.     Plaintiff is informed, believes and thereon alleges that on or about April 22, 2017, Defendant Dean Chapman, while on the Premises and acting for and on behalf of Dana Chapman, as the owners, operators and/or managers thereof, was negligent in his (a) use of gasoline in an unapproved and unsafe canister on the Premises; (b) attempt to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor; (c) allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to severely injure/burn Plaintiff; (d) throwing or projecting ignited/flaming gasoline directly into the face and onto the person of Plaintiff on the

Premises so as to severely injure/burn Plaintiff; (e) failing to timely and reasonably come to the aid of Plaintiff after projecting ignited/flaming gasoline directly into the face and onto the person of Plaintiff on the Premises, and (f) failing to warn Plaintiff of the reasonably foreseeable risk of harm associated with Defendant Dean Chapman's use of gasoline in an unapproved and unsafe canister while attempting to start the 1959 Chevy truck.

23.     By reason of Defendants' negligence and wrongful conduct (as hereinabove set forth above) in the ownership, control, maintenance, operation and/or management of the Premises, Plaintiff suffered severe burns to his face and torso while an invited guest on the said Premises.

24.     Defendants' concurrent negligent conduct as aforesaid was at all times the legal and proximate cause of Plaintiff's injuries sustained on the Premises on April 22, 2017.

25.     Defendants, and each of them, as owners, managers, operators and/or maintainers of the Premises, negligently, willfully or maliciously failed to guard, protect or warn Plaintiff from the unsafe activities on the Premises as hereinabove alleged, including but not limited to the unsafe use of gasoline in an unapproved and unsafe canister and/or the unsafe use of gasoline in an attempt to start the 1959 Chevy Truck on the Premises, all of which caused Plaintiff to suffer severe burns to his face and torso.

26.     Plaintiff is informed, believes and thereon alleges that the risk of harm to Plaintiff that resulted from Defendants' negligent conduct was reasonably foreseeable to Defendants, who were at all times in sole control of the Premises and the activities giving

rise to Plaintiff's injuries, and who knew or should have known of the dangerous and hazardous conditions proximately causing Plaintiff's injuries and taken adequate measures to correct them, but failed to do so.

27.    As a direct and proximate result of the incident alleged herein-above on the Premises (and the multiple concurrent causes thereof), Plaintiff sustained severe bodily injuries, all of which injuries have caused physical disfigurement and which continue to cause physical and emotional pain and suffering to Plaintiff. Plaintiff is informed, believes and thereupon alleges, that some or all of his injuries will result in permanent disfigurement, damages, disability, pain and suffering and general damages to Plaintiff in an amount within the jurisdictional requirements of this Court.

28.    As a direct and proximate result of the incident herein alleged, it was necessary and reasonable for Plaintiff to receive medical care and treatment. Plaintiff seeks damages for said past medical care and treatment in an amount in excess of $75,000.00 and for future medical care and treatment necessary to provide Plaintiff with maximum medical improvement, including but not limited to plastic reconstructive surgery.

29.    As a direct and proximate result of the incident herein alleged, Plaintiff was and remains incapacitated and as a result unable to fulfill his past, present and future work duties. Plaintiff seeks damages for past and future wage loss in an amount in excess of $75,000.00.

30.    As a direct and proximate result of the incident herein alleged, Plaintiff has suffered severe emotional distress personally and seeks these and other general damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff prays judgment against Defendants as set forth above.

## VI.    SECOND CAUSE OF ACTION
### (Negligence - Operation of a Motor Vehicle
### Against ALL Defendants)

31.    Plaintiff refers to, adopts and incorporates herein Paragraphs 1-30, as though fully set forth.

32.    Plaintiff is informed, believes and thereon alleges that as a separate and concurrent cause of the incident as described above, Defendant Dean Chapman, while on the Premises and acting as the owner and/or operator of the 1959 Chevy Truck, was negligent in his (a) attempt to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor, (b) allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to severely injure/burn Plaintiff and (c) negligently entrusting the operation of the 1959 Chevy Truck in part to the individual who was situated behind the wheel of that Truck at the time that Plaintiff sustained severe burn injuries.

33.    By reason of Defendants' negligence, negligent entrustment and wrongful conduct in the ownership, operation, maintenance, control and entrustment of the 1959 Chevy Truck (as herein set forth), Plaintiff suffered severe burns to his face and torso, through no fault of his own.

34.    Defendants' concurrent negligent conduct was at all times one of several concurrent legal and proximate causes of Plaintiff's injuries (along with Defendants' negligence arising from their ownership, maintenance, operation and management of the

Premises) sustained on the Premises on April 22, 2017 and in the vicinity of the 1959 Chevy Truck.

35.      Defendants, and each of them, as owners and/or operators of the 1959 Chevy Truck, negligently failed to protect Plaintiff from or warn Plaintiff about the risks of Defendants' unsafe operation of the 1959 Chevy Truck as alleged above, all of which caused Plaintiff to suffer severe burns to his face and torso. At all times herein, Defendants, and each of them, were aware of and could reasonably foresee that Plaintiff would suffer injury as a result of the conduct and activities of Defendants, and each of them as aforesaid.

36.      Plaintiff is informed, believes and thereon alleges that the risk of harm to Plaintiff that resulted from Defendants' negligent conduct in the ownership, operation and/or entrustment of the 1959 Chevy Truck was reasonably foreseeable to Defendants, who were at all times in sole control of the 1959 Chevy Truck and the activities giving rise to Plaintiff's injuries, and who knew or should have known of the dangerous and hazardous conditions proximately causing Plaintiff's injuries and taken adequate measures to correct them, but failed to do so.

37.      As a direct and proximate result of the incident alleged above involving the negligent ownership, entrustment, use and/or operation of the 1959 Chevy Truck on the Premises (and the multiple concurrent causes thereof), Plaintiff sustained severe bodily injuries, all of which injuries have caused physical disfigurement and which continue to cause physical and emotional pain and suffering to Plaintiff. Plaintiff is informed, believes and thereupon alleges, that some or all of his injuries will result in permanent

disfigurement, damages, disability, pain and suffering and general damages to Plaintiff in an amount within the jurisdictional requirements of this Court.

38.     As a direct and proximate result of the incident herein alleged, it was necessary and reasonable for Plaintiff to receive medical care and treatment and it will continue to be necessary for Plaintiff to receive medical care and treatment relating to the injuries that he suffered and that were proximately caused by Defendants' negligence and/or wrongful conduct. Plaintiff seeks damages for said past, present and future medical care and treatment in an amount in excess of $75,000.00.

39.     As a direct and proximate result of the incident herein alleged, Plaintiff was and remains incapacitated and as a result unable to fulfill his past, present and future work duties. Plaintiff seeks damages for past and future wage loss in an amount in excess of $75,000.00.

40.     As a direct and proximate result of the incident herein alleged, Plaintiff has suffered severe emotional distress personally and seeks these and other general damages in an amount in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth above.

## VII.   THIRD CAUSE OF ACTION
### (Strict Liability – Ultrahazardous Activity
### Against ALL Defendants)

41.     Plaintiff refers to, adopts and incorporates herein Paragraphs 1-40, as though fully set forth.

42.     Plaintiff is informed, believes and thereon alleges that as a separate and concurrent cause of the incident as described above, Defendant Dean Chapman, while on

the Premises and acting as the owner and/or operator of the 1959 Chevy Truck, was engaged in an abnormally dangerous activity while (a) attempting to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor and (b) allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to severely injure/burn Plaintiff upon throwing said incendiary canister onto Plaintiff's person.

43.     Defendant Dean Chapman's acts heretofore described are further abnormally dangerous and/or ultrahazardous in that:

(a)     Defendant Dean Chapman's acts of attempting to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor and allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to severely injure/burn Plaintiff upon throwing said incendiary canister onto Plaintiff's person posed a high degree of risk of harm to Plaintiff;

(b)     Plaintiff was likely to suffer great harm from the results of Defendant Dean Chapman's acts of attempting to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor and allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to severely injure/burn Plaintiff upon throwing said incendiary canister onto Plaintiff's person;

(c)     Defendant Dean Chapman was unable to eliminate the risk of attempting to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an

13

unapproved and unsafe canister onto the vehicle's carburetor and allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to severely injure/burn Plaintiff upon throwing said incendiary canister onto Plaintiff's person by the exercise of reasonable care. In other words, Defendant Dean Chapman's aforesaid acts of throwing a quasi-Molotov cocktail on Plaintiff could not have occurred safely;

(d)     Defendant Dean Chapman's acts of attempting to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor and allowing gasoline stored and/or poured into an unapproved and unsafe cut-off canister to become ignited on the Premises so as to severely injure/burn Plaintiff upon throwing said incendiary canister onto Plaintiff's person were not matters of common usage;

(e)     Defendant Dean Chapman's acts of attempting to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor and allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to severely injure/burn Plaintiff upon throwing said incendiary canister onto Plaintiff's person were inappropriate in any locale, including the place where they were carried out; and

(f)     The value of Defendant Dean Chapman's acts of attempting to start/repair the 1959 Chevy Truck by pouring gasoline stored or poured into an unapproved and unsafe canister onto the vehicle's carburetor and allowing gasoline stored and/or poured into an unapproved and unsafe canister to become ignited on the Premises so as to

14

severely injure/burn Plaintiff upon throwing said incendiary canister onto Plaintiff's person to the community does not outweigh their dangerous attributes.

44.    Plaintiff was damaged directly and proximately by Defendant Dean Chapman's aforesaid ultrahazardous conduct. Specifically, it is necessary and reasonable for Plaintiff to receive medical care and treatment and it will continue to be necessary for Plaintiff to receive medical care and treatment relating to the injuries that he suffered and that were proximately caused by Defendant Dean Chapman's ultrahazardous conduct. Plaintiff seeks damages for said past, present and future medical care and treatment in an amount in excess of $75,000.00.

45.    As a direct and proximate result of the incident herein alleged, Plaintiff was and remains incapacitated and as a result unable to fulfill his past, present and future work duties. Plaintiff seeks damages for past and future wage loss in an amount in excess of $75,000.00.

46.    As a direct and proximate result of the incident herein alleged, Plaintiff has suffered severe emotional distress personally and seeks these and other general damages in an amount in excess of $75,000.00.

47.    By virtue of Defendant Dean Chapman's aforesaid acts, Defendant Dean Chapman is strictly liable to Plaintiff for the injuries heretofore complained.

48.    Defendant Dana Chapman is liable to Plaintiff for Defendant Dean Chapman's ultrahazardous conduct as set forth above by virtue of her status as an owner of the premises on which said ultrahazardous conduct occurred.

WHEREFORE, Plaintiff prays for judgment against Defendants as set forth above.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them as follows:

1.      For general damages in an amount in excess of $75,000.00 and to be determined at the time of trial;

2.      For medical and special damages in an amount in excess of $75,000.00;

3.      For loss of past and future wages in an amount in excess of $75,000.00;

4.      For special damages in an amount in excess of $75,000.00;

5.      For legal costs and attorneys' fees;

6.      For cost of suit herein incurred; and

7.      For such other and further relief as this Honorable Court may deem proper.

Respectfully submitted,


*/s/ G. Calvin Sharpe*
G. Calvin Sharpe, OBA #11702
Amy D. White, OBA No. 19255
**PHILLIPS MURRAH P.C.**
Corporate Tower, Thirteenth Floor
101 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
gcsharpe@phillipsmurrah.com
adwhite@phillipsmurrah.com
**ATTORNEYS FOR PLAINTIFF**


**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**