UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHAWN CODY MARISCAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-21-330-G |
| ) | |
| DEAN CHAPMAN, an individual, et al. ) | |
| ) | |
| Defendants. ) | |

**CONSENT JUDGMENT**

Plaintiff Shawn Cody Mariscal and Defendants Dean Chapman and Dana Chapman have jointly stipulated to the following:

1. That this Consent Judgment has been agreed to by the parties as part of a compromise and settlement of the entire case.

2. That the insurer for Defendants had two policies of insurance in effect at the time of the accident giving rise to this action: 1) an automobile policy, and 2) a Farm & Ranch Policy.

3. That the insurer for Defendants has offered its $100,000 automobile policy liability coverage limit, and that policy limit has been accepted by Plaintiff as part of the Settlement Agreement.

4. That the insurer for Defendants has denied that liability coverage is available under the terms of the Farm & Ranch Policy.

5. That the parties have agreed that judgment in the amount of the $500,000 Farm & Ranch Policy liability coverage limit may be entered subject to the following terms:

    a)    the issue of whether liability coverage is available under the terms of the Farm & Ranch Policy may be decided by this Court in a garnishment proceeding;

    b)    Plaintiff's recovery (if any) under this Judgment shall be limited to collecting from Defendants' insurer (Oklahoma Farm Bureau Mutual Insurance Company, hereinafter "OFB") under the terms of the Farm & Ranch Policy;

    c)    Plaintiff cannot and will not collect any amount of the Judgment from Defendants individually, and will limit his recovery (if any) to that from OFB or the terms of the Farm & Ranch Policy;

    d)    if the Court finds that liability coverage is available under the terms of the Farm & Ranch Policy, OFB shall pay the Farm & Ranch Policy liability coverage limit to Plaintiff, and Plaintiff shall dismiss and release this Judgment in full; and

    e)    if the Court finds that liability coverage is not available under the terms of the Farm & Ranch Policy, OFB shall pay nothing more to the Plaintiff, and Plaintiff shall dismiss and release this Judgment in full.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that judgment is hereby rendered on behalf of Plaintiff and against Defendants in the sum of Five Hundred Thousand Dollars ($500,000.00) subject to the terms of the parties' Agreement, including the terms expressly set forth above.

IT IS FURTHER ORDERED that, upon entry of this Consent Judgment, Plaintiff may commence a garnishment proceeding against Plaintiff's insurer, OFB, in this Court or any court having jurisdiction and seek a determination therein as to whether liability coverage is available under the terms of the Farm & Ranch Policy.  The parties are advised that the action between Plaintiff and Defendants will terminate upon entry of this Consent Judgment.  *See Clements v. Cords*, No. CIV-20-974-R, 2020 WL 7755656, at *2 (W.D. Okla. Dec. 29, 2020).  Accordingly, while garnishment may be sought through this case after entry of this Consent Judgment, the initiator will be required to establish that federal jurisdiction exists over the garnishment action independent of jurisdiction over the original action.  Based on the parties' representations, it appears that the contemplated garnishment action by Plaintiff against OFB would satisfy the jurisdictional requirements of 28 U.S.C. § 1332; however, the Court makes no finding in that regard as it is unable to determine whether jurisdiction exists until the issue is presented.

DATED this 6th day of April, 2023.

_____
CHARLES B. GOODWIN
United States District Judge